Terry Cleo WINTERS, Respondent,

v.

Maxine Sue WINTERS, Appellant.

No. 69378.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 13, 1997.

Charles F. Dufour, Bradley J. Bakula, Becker, Dufour & Yarbrough, St. Louis, for appellant.

David V. Collignon, Lacks, Newman & Cohen, P.C., Clayton, for respondent.

GERALD M. SMITH, Judge.

Maxine Winters, wife, appeals from the judgment of the trial court modifying an award of maintenance *pendente lite* retroactively to the date the motion was filed and ordering wife to repay to husband $79,000 in overpaid maintenance. We reverse.

■ The standard of review is based upon *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Under that standard the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a judgment on the ground that it is "against the weight of the evidence" with caution and with the firm belief that the decree or judgment is wrong. *Id.*

■ Any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreason-able. § 452.370.1 RSMo 1994. The burden of establishing the conditions justifying modification are upon the person seeking the modification, here the husband. *In re Marriage of Clark*, 801 S.W.2d 496 (Mo.App.1990)[17, 18]. The statutory standard for modification is intended to be strict in order to discourage recurrent and insubstantial motions for modification. *Id.*

■ The trial here took ten days and includes ten volumes of transcript. The evidence in the record does not establish that husband sustained any substantial reduction in income during the five year period of the pendency of the *pendente lite* order. His income at the time of the *pendente lite* order and his income at the time the modification was first requested and eventually granted was virtually the same. Wife's needs during that period were not reduced.

Husband contends that "the key to the modification is that the P.D.L. Order must have assumed that Husband had greater earnings than his stated salary." During oral argument, counsel for husband was asked to identify those portions of the transcript where evidence of additional earnings were to be found and where in the record there was evidence of a change of circumstances. Counsel was unable to provide such information.

■ The essence of husband's position is that the original *pendente lite* order was not supported by the evidence. That was a matter for appeal, which husband did not elect to pursue. The motion to modify is for the purpose of addressing substantial changed circumstances. It is not for correcting alleged errors in the original *pendente lite* order. The husband has not identified any changed circumstances and our review of the record has not located any which would warrant modification of the award. There is no substantial evidence to support the judgment of the court.

Judgment reversed.

CRANE, P.J., and PUDLOWSKI, J., concur.