Sherry L. (Thierry) VALDEZ,
Plaintiff–Respondent,

v.

Mitchell L. THIERRY, Defendant–Appellant.

No. 21497.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 27, 1998.

Motion for Rehearing and Transfer Denied March 20, 1998.

Application for Transfer Denied April 21, 1998.

GARRISON, Presiding Judge.

Mitchell L. Thierry ("Mitchell") appeals from a judgment for $23,560.28 entered against him in favor of his former wife, Sherry L. (Thierry) Valdez ("Sherry").[1] The trial court entered this judgment in response to Sherry's motion to enforce a provision in an earlier decree dissolving the parties' marriage. Mitchell argues that this provision of the dissolution decree is void and thus not enforceable. We disagree with him, and affirm the trial court.

The trial court dissolved the marriage of Mitchell and Sherry in a decree dated February 25, 1987. In that decree, the trial court concluded that Mitchell's education as an engineer, acquired primarily during the marriage, was marital property, and held that the benefits thereof were divisible. It awarded Sherry 5 percent of Mitchell's gross income derived from his employment as her interest in his education. Mitchell did not appeal that judgment. Apparently, he also failed to pay Sherry a portion of his income, because on August 8, 1994, she filed a motion to enforce that provision of the decree, which the trial court granted. On December 30, 1996, having determined that Mitchell owed Sherry $23,560.28 pursuant to the dissolution decree, it entered judgment against him in that amount. It is from this judgment that Mitchell appeals.

Mitchell presents one point on appeal, in which he contends that the $23,560.28 judgment is unenforceable, because the portion of the dissolution decree on which it is based is void. It is void, he argues, because the trial court lacked subject matter jurisdiction to divide his future income. Sherry counters that his actual argument is that the trial court made a mistake of law, which he should have pursued on direct appeal from the dissolution decree.

A judgment is void from its inception if the rendering court did not have jurisdiction to enter it. *Williams v. Williams*, 932 S.W.2d 904, 905 (Mo.App. E.D.1996). The issuing court has jurisdiction if it has judicial authority over the subject matter,

Alison K. Blessing, Withers, Brant, Igoe & Mullennix, P.C.,Liberty, for Defendant–Appellant.

Sharon A. Agee, Agee Law Firm, P.C., St. Louis, for Plaintiff–Respondent.

1. We refer to the parties by their first names for purposes of clarity. No disrespect is intended.

judicial authority over the parties, and judicial authority to render the judgment entered. *State ex rel. Div. of Family Servs. v. Bullock,* 904 S.W.2d 510, 512 (Mo.App. S.D. 1995). A void judgment may be attacked at any time in any proceeding. *Travis v. Contico Int'l., Inc.,* 928 S.W.2d 367, 370 (Mo.App. E.D.1996).

 Jurisdiction involves the right, power, and authority of a court to act. *Heinle v. K & R Express Sys., Inc.,* 923 S.W.2d 461, 464 (Mo.App. E.D.1996). A court that has jurisdiction over a matter may decide the issues erroneously without losing jurisdiction. *State ex rel. Green v. Kimberlin,* 517 S.W.2d 124, 129 (Mo.banc 1974); *Coyne v. Layton,* 409 S.W.2d 92, 96 (Mo.1966). Once a court has jurisdiction over the subject matter and the parties in a given case, it is virtually impossible to distinguish acts in excess of jurisdiction from mere error or abuse of discretion. *State ex rel. Mo. Pac. R.R. Co. v. Moss,* 531 S.W.2d 82, 84 (Mo.App.St.L.D. 1975).

 In the instant case, Mitchell does not argue that the trial court in the 1987 dissolution action improperly exercised jurisdiction over himself or Sherry, or that it lacked judicial authority to dissolve their marriage or to divide their marital property. Instead, he argues that it erred in classifying his education as marital property, and in awarding Sherry a share of his future income. He asserts that the trial court exceeded its jurisdiction by dividing his future income because it "does not fall within the perimeter's [sic] of [the] statutory definition of marital property and [was] therefore *not* subject to division by the trial court." [2] Although he frames it in terms of jurisdiction, the essence of Mitchell's argument is that the trial court misapplied the law in classifying and dividing marital property in the dissolution action. If it was a mistake, it was a mistake of law. While the trial court may have erred in this regard, an issue we need not decide, it did not deprive itself of jurisdiction by doing so. *Green,* 517 S.W.2d at 129. Moreover, this alleged mistake of law

should have been addressed on direct appeal. *Love v. Board of Police Commissioners,* 943 S.W.2d 862, 863 (Mo.App. E.D.1997). Here, Mitchell chose not to avail himself of the opportunity to appeal the 1987 dissolution decree, and he may not now use this enforcement proceeding as a substitute for it.

The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.

---

**2.** Section 452.330.3, RSMo 1986, provides that "[a]ll property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property ..."