**Georgia K. (Buzbee) CLAXTON, Petitioner–Appellant,**

v.

**Gary L. BUZBEE, Respondent– Respondent.**

**No. 22192.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 29, 1998.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Richard L. Schnake, Richard Owensby, Neale & Newman, L.L.P., Springfield, for Petitioner–Appellant.

LeRoy W. Kaelke, Rogersville, for Respondent–Respondent.

PREWITT, Presiding Judge.

The parties' marriage was dissolved by a decree of the Circuit Court of Christian County on November 18, 1986. The court subsequently modified the decree three times with respect to maintenance, child custody, and child support.

Appellant appeals from judgment of dismissal of her counterclaim in which she sought a determination of the amount owed her pursuant to a modification order of February 18, 1994. Our review is under Rule 73.01(c). For an interpretation of that rule, see *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

The dissolution decree ordered Respondent to make maintenance payments to Appellant "until Wife remarries or dies, or until such award is modified or terminated as provided otherwise by law." Appellant remarried on June 2, 1992; she received no child support nor maintenance payments for that month nor thereafter. On July 22, 1993, Respondent filed a motion to modify the decree, which led to the 1994 modification relevant to this appeal. That modification terminated Respondent's obligation to pay maintenance retroactive to the date of December 1, 1993, and terminated his obligation to pay child support for one child, retroactive to June 6, 1992.[1]

Respondent's request of a modification of the decree was filed on October 17, 1996. He later dismissed that motion, but filed a motion to set aside that portion of the previous order of modification awarding post-remarriage maintenance. The latter motion was never expressly ruled, but at least by the effect of the trial court's "judgment" the court found the motion to have merit.[2]

Appellant asserted a counterclaim against Respondent, alleging that he had failed to make all of the child support and mainte-

1. Respondent now states that the court's 1994 modification regarding retroactive maintenance was materially altered from the proposed order submitted by the parties, and that he was unaware of the alteration until Appellant filed a counterclaim in 1996. However, no evidence supporting that contention was presented to the trial court, nor was it made an issue here.

2. The trial court entered "Judgment and Order of Dismissal," signed by the judge, dismissing Appellant's counterclaim, finding "no just reason or cause for delay." We view this document as in compliance with Rule 74.01(b), thus allowing an appeal from the "Judgment."

nance payments due under the 1994 modification. Appellant alleged that Respondent had paid only $200.00 of the child support payment due for May, 1992, and none of the support due for June, 1992. With respect to the maintenance payments, Appellant alleged that Respondent had paid only half of the amount due for May, 1992, and failed to make any further payments due her through December 1, 1993. By her counterclaim filed December 24, 1996, Appellant sought a declaration of the amount owed her, a judgment for interest from the dates the various payments had accrued, and an award of attorney's fees.

In this appeal, Appellant asserts the trial court erred by dismissing her counterclaim seeking a declaration of the amount owed her because: (a) she was entitled to declaratory relief in that there was uncertainty regarding her rights and Respondent's obligations under the modification order; (b) the original maintenance arrangement resulted from separation agreement decretal maintenance, not from contractual maintenance, and was therefore modifiable; and (c) Respondent waived the question whether the court had authority to enter the 1994 modification in that he failed to make a timely objection or timely appeal that order.

Respondent counters that the dismissal was proper because the trial court lacked subject matter jurisdiction to award post-remarriage maintenance to Appellant after the date of her marriage. The trial court dismissed Appellant's counterclaim on the ground that it had no jurisdiction to modify the award of maintenance.[3]

█ The award of maintenance originally ordered was "separation agreement decretal maintenance" because the parties entered into a separation agreement which was then incorporated by the court into the decree. When a separation agreement allows an award of maintenance, and then such agreement is incorporated into a decree of dissolution, the maintenance award is decretal maintenance and may be modified by the court.

*Daily v. Daily,* 912 S.W.2d 110, 113 (Mo.App. 1995); Section 452.325.6, RSMo 1995.

█ The trial court erred in determining that it did not have jurisdiction to modify the maintenance award. Here, the date to which the maintenance was extended might have been erroneous, but the trial court had jurisdiction to do it, and as there was no appeal, absent any infirmity not here presented, that modification is valid.

█ "Subject matter jurisdiction" is the authority of a court to determine the general question involved. If the pleadings state a matter belonging to a general class over which the authority of the court extends, that court has "subject matter jurisdiction." *In re Marriage of Neal,* 699 S.W.2d 92, 94 (Mo. App.1985). Here, the court clearly had jurisdiction over the subject, a decree of dissolution and its modification.

█ A court that has jurisdiction over a matter may decide the issues erroneously without losing jurisdiction. *Valdez v. Thierry,* 963 S.W.2d 459, 461 (Mo.App.1998). A mistake of law does not deprive a court of subject matter jurisdiction. *Id.* By not appealing, Respondent can no longer challenge that modification. *Id.*

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

CROW and PARRISH, JJ., concur.

---

3. Whether declaratory relief or judgment is proper in such a matter is not an issue presented or decided here.