Bobby and Jean **TAGGART** and Cline Wood Agency, Inc., Respondents,

v.

**MARYLAND CASUALTY COMPANY,** Appellant.

No. WD 67762.

Missouri Court of Appeals, Western District.

Jan. 8, 2008.

M. Courtney Koger, Kansas City, MO, for Appellant.

Stephen Bough, Kansas City, Michael Blanton, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Maryland Casualty Company appeals the circuit court's summary judgment for Bobby and Jean Taggart in their equitable garnishment action against Maryland Casualty. The Taggarts seek to satisfy a judgment that they obtained against Maryland Casualty's insured, CTL Farm Services. Among its allegations, Maryland Casualty complains that the circuit court erred in granting the Taggarts' motion for summary judgment because material is-sues of fact had not been resolved. We agree and reverse the judgment.

This dispute arose out of an incident on March 19, 2002, in which Bobby Taggart was seriously injured by anhydrous ammonia released at CTL's liquid fertilizer plant near Bethany. The Taggarts sued CTL, but Maryland Casualty refused to assume liability for providing for CTL's defense.

The Taggarts and CTL settled the law-suit with an agreement that CTL would not contest liability in exchange for the Taggarts' seeking satisfaction from CTL only to the extent of insurance coverage by Maryland Casualty. The circuit court entered judgment for the Taggarts in which it awarded them more than $2.2 million and prejudgment interest.

The Taggarts then filed this lawsuit against Maryland Casualty to collect the judgment. Maryland Casualty's answer asserted two defenses, including a conten-tion that CTL's settlement with the Tag-garts resulted from fraud and collusion and was unreasonable. The parties filed cross motions for summary judgment. The circuit court issued its order granting the Taggarts' motion and denying Mary-land Casualty's motion.

Maryland Casualty raises four points on appeal, but, because its third point is dis-positive, we address it only. In that point, Maryland Casualty asserts that the circuit court erred in granting summary judg-ment to the Taggarts because they did not negate Maryland Casualty's properly pleaded defense that the underlying judg-ment was unreasonable, fraudulent, and the result of collusion.

In reviewing a circuit court's summary judgment, we review it *de novo*. *ITT Commercial Finance Corp. v. Mid–Amer-ica Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. *banc* 1993). Summary judgment is proper only when the parties are not

disputing material factual issues and when the moving party is entitled to judgment as a matter of law. *Id.* at 380. When reviewing a circuit court's summary judgment, we view the record in the light most favorable to the party against whom the circuit court entered judgment. *Id.* at 376.

Whether or not summary judgment is proper depends partly on whether the party moving for summary judgment is a claimant or a defending party. *State ex rel. Nixon v. Watson,* 204 S.W.3d 716, 719 (Mo.App.2006). For a claimant to be entitled to summary judgment, he or she " 'must establish that there is no genuine dispute as to those material facts upon which he would have had the burden of persuasion at trial, entitling him to judgment as a matter of law' " and must allege undisputed facts establishing every element of his claim. *Watson,* 204 S.W.3d at 719 (citation omitted).

The Taggarts were claimants. To establish their equitable garnishment claim, they had the burden of proving that they had obtained judgment against CTL, that Maryland Casualty's insurance policy covered the damages awarded in the judgment, and that this policy was in effect when the accident occurred. *Hampton v. Carter Enterprises Inc.,* 238 S.W.3d 170, 174 (Mo.App., 2007). To obtain summary judgment on their claim, they had to allege undisputed facts establishing all of these elements. *Watson,* 204 S.W.3d at 719. Rule 74.04(c) also obligated them to negate any affirmative defenses that Maryland Casualty properly pleaded because, although Maryland Casualty would have the burden of proving the defense at trial, at this stage of the proceedings "it is irrelevant what the non-[moving party] has or has not said or done." *ITT Commercial Finance,* 854 S.W.2d at 381.

In its answer, Maryland Casualty asserted that the circuit court erred in en-

forcing the Taggarts' judgment because, under *Gulf Insurance Company v. Noble Broadcast,* 936 S.W.2d 810, 815–16 (Mo. banc 1997), the underlying settlement was unreasonable and resulted from fraud and collusion between the Taggarts and CTL. In Section 537.065, RSMo 2000, the General Assembly authorized a party claiming damages for personal injuries or death to enter into an agreement with a tortfeasor before judgment against the tortfeasor to limit the claim's satisfaction to the tortfeasor's specific assets, including insurance. The moniker for these claims is "Section 537.065 settlements." *Gulf Insurance,* 936 S.W.2d at 815. The Supreme Court has held, however, that Section 537.065 settlements are valid only if they are free of fraud and collusion and if the amount awarded to the claimant is reasonable. *Id.* at 815–16.

Collusion is a secret concert of action between two or more people for the promotion of a fraudulent purpose. *Vaughan v. United Fire and Casualty Company,* 90 S.W.3d 220, 224 (Mo.App. 2002). Missouri courts recognize two types of fraud: extrinsic and intrinsic. *Cody v. Old Republic Title Company,* 156 S.W.3d 782, 784 (Mo.App.2004). Fraud is extrinsic when it induces a party to default or to consent to a judgment. *Id.* It is intrinsic when a party knowingly uses perjured testimony or otherwise fabricates evidence. *Id.* Maryland Casualty alleged that the Taggarts and CTL colluded to commit intrinsic fraud during the underlying trial by presenting false evidence to the circuit court.

To determine whether or not a Section 537.065 settlement is reasonable, the Supreme Court instructed that the circuit court must decide what a reasonably prudent person in the defendant's position would have accepted in settling the plaintiff's claim. In making this decision, the

circuit court must consider facts bearing on liability and damages and the risks of going to trial. *Gulf Insurance*, 936 S.W.2d at 816. This standard is applicable even in cases in which the parties settle issues of liability but submit issues of damages to the circuit court. *Rinehart v. Anderson*, 985 S.W.2d 363, 372 (Mo.App.1998).[1] This court has applied *Gulf Insurance* even when the circuit court held a hearing in which it considered testimony under oath and the plaintiffs introduced evidence of the defendant's negligence and called numerous witnesses regarding plaintiffs' damages. *Auto–Owners Insurance Company v. Ennulat*, 231 S.W.3d 297, 301 (Mo. App.2007). On the opposite end of the spectrum, the *Gulf Insurance* test is not applicable in those cases in which the circuit court reviews the evidence impartially and makes an independent determination concerning damages. *Betts–Lucas v. Hartmann*, 87 S.W.3d 310, 326 (Mo.App. 2002).

■ Maryland Casualty avers that it raised an affirmative defense when it asserted that the Section 537.065 settlement between the Taggarts and CTL resulted from fraud and collusion and was unreasonable. We found no case holding that Maryland Casualty's claim constituted an affirmative defense, but we conclude that Maryland Casualty is correct. First, *Gulf Insurance* and *Betts–Lucas* held that an insurer bears the burden of establishing that a judgment was unreasonable or resulted from fraud and collusion. Second, Maryland Casualty's claim comports with this court's definition of "affirmative defense:" "[A] procedural tool available to defendants which 'seeks to defeat or avoid the plaintiff's cause of action ... and avers

that[,] even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged.' " *Thompson v. Brown and Williamson Tobacco Corporation*, 207 S.W.3d 76, 122 (Mo.App.2006) (quoting *Mobley v. Baker*, 72 S.W.3d 251, 257 (Mo.App.2002)).

■ Hence, the Taggarts' burden was to plead undisputed facts that negated one or more of the elements of Maryland Casualty's affirmative defense. *ITT Commercial Finance*, 854 S.W.2d at 381. Rule 74.04(c)(1) required the Taggarts to aver "with particularity in separately numbered paragraphs each material fact as to which [they claim] there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." The Taggarts failed to meet this burden.

First, the Taggarts' motion for summary judgment did not plead facts and did not refer to the *Gulf Insurance* defense. By not addressing Maryland Casualty's affirmative defense in their motion for summary judgment and waiting to deal with the affirmative defense in their reply to Maryland Casualty's response, the Taggarts waited too late. Because Maryland Casualty's claim that the Section 537.065 settlement was an affirmative defense that the Taggarts had to negate with undisputed facts to obtain summary judgment, they were obligated to aver these facts in their motion for summary judgment. They did not. They waited until their reply to deal with Maryland Casualty's defense.

1. The parties entered into a Section 537.065 settlement and submitted the issues of damages to the circuit court. After receiving a judgment, the plaintiffs instituted an equitable garnishment action against the insurance company. On appeal of the equitable garnishment action, the appellate court did not apply the doctrine of collateral estoppel and reviewed whether or not the judgment was reasonable. *Rinehart*, 985 S.W.2d at 372.

We found no case in which a court allowed a party to save an otherwise facially deficient motion for summary judgment by bringing up new facts and arguments in a reply. Indeed, the previous version of Rule 74.04 specifically disallowed this practice. *See Sloss v. Gerstner*, 98 S.W.3d 893, 897–98 (Mo.App.2003); *Cross v. Drury Inns, Inc.*, 32 S.W.3d 632, 636 (Mo.App. 2000). The old rule authorized the circuit court, in its discretion, to permit the parties to file a reply, but it forbade the circuit court from considering "new factual issues, grounds, or arguments" raised in the reply. *Cross*, 32 S.W.3d at 636. Although modifications to Rule 74.04 authorize the circuit court to decide whether or not to grant summary judgment based on the "motion, the response, the reply and the sur-reply," we, nevertheless, see nothing in the modified rule that permits a party to file a reply that raises arguments that should have been, but were not, included in its original motion. Rather, as the cases interpreting the old rule make clear, a circuit court cannot consider issues raised in a reply for the first time. Hence, the circuit court could not have considered the issues raised by the Taggarts for the first time in their reply.

■ Second, assuming that the circuit court could use the Taggarts' reply motion to save their facially deficient summary judgment, summary judgment was still not appropriate because material factual issues were in dispute concerning Maryland Casualty's contention that the Taggarts' and CTL's Section 537.065 settlement resulted from fraud and collusion. In its response to the Taggarts' motion for summary judgment, Maryland Casualty alleged that, contrary to testimony at the trial on the settlement that an employee of CTL, Ellison Preston, had admitted CTL's negligence, Preston was not employed by CTL. In their reply, the Taggarts averred that, although Preston was not CTL's employee, David Callaway, who operated the liquid fertilizer plant where the accident occurred in a joint venture with CTL, did employ him. Hence, if the Taggarts are correct that we should consider their averments set forth in their reply, Preston's authority to bind CTL with his admissions was an unresolved material issue of fact. Finally, in their appellate brief, the Taggarts presented other factual reasons why Maryland Casualty's defense would fail, but, because they did not present these arguments to the circuit court, they have not been preserved for our consideration.

■ Third, even were we to assume that the Taggarts could make a *prima facie* case for summary judgment by negating Maryland Casualty's defense for the first time in its reply, the Taggarts' reply did not make a *prima facie* case for summary judgment on Maryland Casualty's affirmative defense that the Section 537.065 settlement was unreasonable. The Taggarts, in both their motion and reply, did not allege any facts that negated this part of Maryland Casualty's affirmative defense and completely ignored the issue of whether or not their Section 537.065 settlement with CTL was unreasonable. They did nothing to negate this aspect of Maryland Casualty's affirmative defense.

For example, Maryland Casualty asserted that it was uncontroverted that the judgment for the Taggarts against CTL was invalid under *Gulf Insurance*. The Taggarts' reply said, "Plaintiffs object on the basis that this testimony is irrelevant. However, plaintiff admits that this testimony occurred." Furthermore, the reply listed other facts that it claimed were undisputed, but none of them addressed the issue of Maryland Casualty's affirmative defense that the judgment was based on a settlement and unreasonable. Hence, at no time, either when refuting Maryland

Casualty's facts or presenting new undisputed facts, did the Taggarts allege any facts negating Maryland Casaulty's affirmative defense; therefore, the circuit court erred in granting summary judgment for the Taggarts.

Hence, for these reasons, we reverse the circuit court's judgment.

VICTOR C. HOWARD, Chief Judge, and RONALD R. HOLLIGER, Judge, concur.