Kathleen Marie REIMER, Appellant,

v.

Scott Lee HAYES, Respondent.

No. WD 73603.

Missouri Court of Appeals,
Western District.

April 24, 2012.

Lyle Odo, Platte City, MO, for Appellant.

James Boggs, Kansas City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., CYNTHIA L. MARTIN, J., and GLEN DIETRICH, Sp. J.

JAMES EDWARD WELSH, Presiding Judge.

Kathleen Marie Reimer appeals the circuit court's grant of summary judgment to Scott Lee Hayes. In Reimer's sole point on appeal, she contends that the court erred in granting Hayes's motion for summary judgment because he failed to make a prima facie showing of entitlement to judgment as a matter of law. We affirm.

On appeal from summary judgment, we view the record in the light most favorable to the party against whom judgment was entered, and afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Here, the record reflects that on or about March 11, 2005, Hayes filed a petition to dissolve his marriage with Reimer. On March 17, 2006, Hayes represented to the court that his annual earnings, for purposes of establishing child support, were approximately $75,000 per year. On April 20, 2006, the marriage was dissolved, and Reimer was awarded $1,045 monthly child support. Hayes's W–2 wages for 2006 ultimately totaled $1,158,720.92. The substantial increase in income was due to commissions received by Hayes from his employer, The Lehigh Press, Incorporated (Lehigh). When Reimer learned of Hayes's 2006 income, Reimer threatened to have the dissolution judgment set aside, claiming undistributed marital assets that may have existed at the time of trial. On June 11, 2007, Reimer

accepted $100,000 for "a distribution to equalize the division of marital assets." In exchange, she released Hayes from any existing claims for undistributed marital assets and released Lehigh from any existing claims.

Three years later, on August 5, 2010, Reimer filed a petition for damages alleging fraud and civil conspiracy against Hayes and Lehigh for allegedly misrepresenting and conspiring to misrepresent Hayes's income such that Reimer was awarded substantially less money for the support of her children than she was entitled. Lehigh denied Reimer's allegations and set forth the affirmative defenses of estoppel, waiver, laches, res judicata, collateral estoppel, failure to assert compulsory counterclaims in prior litigation, settlement, release, and accord and satisfaction. Hayes also denied liability and, on November 16, 2010, moved for summary judgment on the grounds that Reimer had released Hayes from all claims set forth in her petition per their $100,000 settlement. Reimer responded by acknowledging release of claims for undistributed marital assets but denied release of tort claims. Reimer asserted that her three count petition made no claim for undistributed marital assets. On January 14, 2011, the circuit court granted Hayes's motion for summary judgment without comment. Reimer appeals.

On appeal, Reimer charges that the court erred in granting Hayes's motion for summary judgment, contending that Hayes failed to make a prima facie case of entitlement to judgment as a matter of law. Reimer argues that she only released Hayes from claims of undistributed marital assets, not actions in tort. She avers that there are no marital assets to be divided and that a tort judgment is monetary and does not award or divide specific property or assets of the judgment debtor. Additionally, she contends that the "Exhibit A" letter from Hayes's employer, that states that Hayes did not realize any commissions until after the dissolution was granted, was not proof as to when Hayes's commissions were earned such as would warrant a prima facie showing that the commissions were earned after the dissolution. Reimer maintains that "[t]he sole question before the court is whether the release executed by Ms. Reimer, which is, of course, a contract, bars her from filing the underlying suit making tort claims for fraud and civil conspiracy" against Hayes. We need not reach this question as Reimer's tort claim is an improper collateral attack on the dissolution judgment and, therefore, barred.

When considering an appeal from summary judgment, we review the circuit court's grant of summary judgment *de novo*. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "The propriety of summary judgment is purely an issue of law." *Id.* We affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 380. We will affirm summary judgment on any ground supported by the record, whether or not relied upon by the circuit court. *Sisk v. Union Pacific R. Co.*, 138 S.W.3d 799, 809 (Mo.App.2004).

█ Here, the facts are uncontroverted that, on April 20, 2006, the marriage of Reimer and Hayes was dissolved, property was awarded, and child support assessed based on Hayes's purported yearly income of $75,000. Thereafter, Reimer learned that in 2006 Hayes received over one million dollars in employment commissions. Reimer contended that the commissions were income of the marriage and threatened to set aside the dissolution judgment pursuant to Rule 74.06. Had she followed

through with that threat, Reimer's entitlement to additional child support would have been addressed in that action. Section 452.340, RSMo Cum.Supp.2011, commands that the dissolution court must consider the "financial resources and needs of the parents" as well as the "standard of living the child would have enjoyed had the marriage not been dissolved" when awarding child support. Thus, the court would have necessarily considered Hayes's substantial commissions in making a child support determination, regardless of whether the commissions actually constituted marital income.

▆▆▆ Reimer did not move the dissolution court for redress. Reimer did, however, settle claims she had, at the very least, with regard to Hayes's commissions as they related to marital property. At that time, Reimer was aware of potential claims against Hayes's employer, Lehigh, as the June 11, 2007, settlement released Lehigh of "any claims" that existed at that time. Because Reimer's present tort action is a collateral attack on the dissolution court's child support determination, it is, therefore, barred. "Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.'" *Barry, Inc. v. Falk,* 217 S.W.3d 317, 320 (Mo.App.2007) (citations and internal quotation marks omitted). "'A judgment rendered by a court having jurisdiction of the parties and subject matter ... is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated.'" *Id.* (quoting *Voigts v. City of Pleasant Valley,* 453 S.W.2d 700, 704 (Mo.App.1970)). "Generally, the validity of a judgment can only be attacked by direct appeal,[1] not by collateral attack." *Reid v. Steelman,* 210 S.W.3d 273, 282 (Mo.App.2006). "The need for certainty and finality of judgments compels this rule." *Id.*

▆▆▆ Pursuant to section 452.360, RSMo Cum.Supp.2011, the court's judgment of dissolution of marriage as it affects distribution of marital property is final and not subject to modification. Nevertheless, Rule 74.06(b) "allows a trial court to set aside a judgment based on a finding of fraud," a proceeding in the original action which would not constitute an impermissible collateral attack. *Essig v. Essig,* 921 S.W.2d 664, 667 (Mo.App.1996). However, redress under Rule 74.06 must be sought within one year after the judgment or order was entered. Rule 74.06(c). "After one year from the date of the judgment, the judgment is subject to attack only by an independent action in equity upon a demonstration of extrinsic fraud when the basis of relief is fraud." *Cody v. Old Republic Title Co.,* 156 S.W.3d 782, 784 (Mo.App.2004). "Missouri courts recognize two types of fraud: extrinsic and intrinsic." *Taggart v. Maryland Cas. Co.,* 242 S.W.3d 755, 758 (Mo.App.2008). "Fraud is extrinsic when it induces a party to default or consent to a judgment." *Id.* "It is intrinsic when a party knowingly uses perjured testimony or otherwise fabricates evidence." *Id.* "[F]alse averments in a divorce petition, false statements in an affidavit, and false testimony do not constitute extrinsic fraud." *Walker v. Walker,* 280 S.W.3d 634, 639 (Mo.App.2009) (citing *Miller v. Hubbert,* 804 S.W.2d 819, 821 (Mo.App.1991)).

▆▆▆ Here, Reimer's allegations of fraud are intrinsic, as they relate to potentially false averments made to the court in the dissolution proceeding. Thus, Reimer had no claims for intrinsic fraud that may have affected her child support award beyond one year from the dissolution of her

---

**1.** Or, clearly authorized mechanisms in trial court to vacate or amend the judgment.

marriage. While Reimer threatened to set aside the dissolution decree, she did not, and any claim Reimer had to set aside the dissolution judgment expired on April 20, 2007. Reimer had the right to appeal any final judgment of the court, and beyond that time, pursuant to section 452.370, RSMo Cum.Supp.2011, could have moved the court to reassess child support for substantial and continuing changed circumstances.[2] Any grievances Reimer had against Hayes, regarding child support awarded in the dissolution, should have been addressed with the dissolution court, not in a collateral attack against the dissolution judgment via a tort action. "Claim preclusion [ ] precludes a litigant from bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit." *Dahn v. Dahn*, 346 S.W.3d 325, 331 (Mo.App.2011) (quoting *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008)). If a subsequent claim arises out of the same act, contract or transaction, the claim is barred by the original judgment. *Id.* It is incumbent upon the parties to exercise reasonable diligence and bring all issues before the court that belong to the subject matter of their litigation. *Id.* Resolution of issues of child custody and support, spousal maintenance and the division of marital property are core functions of a dissolution court. *Id.* at 336.

▉ The facts which constituted the basis for Reimer's threat to set aside the judgment and, ultimately, her settlement with Hayes, are the same facts and circumstances from which Reimer bases her present tort claim. Although her legal theory has changed, the facts have not. Reimer points to no facts, unknown or yet-to-occur within the year after her dissolu-

tion, that formed the basis for a new claim of relief. To be sure, "[t]he elements of a cause of action to set aside a property settlement agreement on the grounds of fraud are the same as in any other case based on fraud[.]" *Curtis v. Kays*, 670 S.W.2d 887, 891 (Mo.App.1984). To the extent that Reimer desired relief beyond that available in a motion to set aside the dissolution judgment, she was entitled to join her tort claims as separate causes of action. *Dahn*, 346 S.W.3d at 333. Nevertheless, we note that not all tort actions are necessarily disposed of in the dissolution proceeding. Because of the limited connection between personal injury claims and the issues in a dissolution action, personal injury claims may not be barred as a collateral attack or by res judicata. *Id.* at 336. However, even in such cases, the prior dissolution decree may have a "collateral estoppel effect in the later suit, to the extent specific overlapping issues exist between the dissolution and tort proceedings; moreover, issues may arise as to whether a prior dissolution decree resulted in compensation, in whole or in part, for the injured spouse's personal injuries." *Id.* at 336 n. 7.

We conclude that the circuit court did not err in granting summary judgment to Hayes because Hayes was entitled to judgment as a matter of law. Reimer's attempt to recover past child support via a tort action was an impermissible collateral attack on the dissolution judgment. We affirm the circuit court's judgment.

All concur.

---

2. It is necessary to note, however, that "[t]he motion to modify is for the purpose of addressing substantial changed circumstances." *Winters v. Winters,* 945 S.W.2d 592, 593 (Mo. App.1997). It is not for correcting alleged errors in the original judgment, as those are matters for appeal. *Id.*