

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| CHRISTAL ALLEN, | ) | |
| | ) | |
| Respondent, | ) | WD86536 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| X & F ENTERPRISE CORP., | ) | July 9, 2024 |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
Honorable Marty Wayne Seaton, Judge**

**Before Division Four: Gary D. Witt, Chief Judge Presiding,
Janet Sutton, Judge, and Susan Casey, Special Judge**

X & F Enterprise Corp. (X & F Enterprise) appeals a special order after final judgment from the Jackson County Circuit Court that granted Christal Allen's (Allen) motion to revive a September 2011 default judgment.[1] In three points on appeal, X & F Enterprise challenges both the revival court's order and a separate declaratory judgment entered in a different division within the Jackson County Circuit Court.[2] This division equitably tolled the ten-year term for

---

[1] The revival court, Division Ten of the Jackson County Circuit Court issued its order in case number 0916-CV38480 on July 21, 2023. We refer to this division within the Jackson County Circuit Court as the "revival court" and its order the "revival order" for the remainder of this opinion.

[2] The tolling court, Division Seven of the Jackson County Circuit Court, issued its judgment in case number 2116-CV26669 on October 3, 2022. We refer to this division within the Jackson

the presumption of payment under section 516.350.1.[3] X & F Enterprise contends that neither court had "subject matter jurisdiction" or authority to enter those judgments. We affirm, concluding that X & F Enterprise is impermissibly making a collateral attack on the October 2022 tolling judgment that became final and from which X & F never appealed.

### Factual and Procedural Background

In December 2009, Allen filed a petition for damages, alleging one negligence count, against X & F Enterprise in Jackson County Circuit Court. Allen claimed that she was injured by a dangerous condition on X & F Enterprise's property. X & F Enterprise was served but no attorney entered an appearance and no responsive pleadings were filed on X & F Enterprise's behalf. The circuit court entered an interlocutory order of default in favor of Allen and against X & F Enterprise in June 2010. The circuit court then held a hearing in May 2011 where Allen presented evidence of past medical damages, lost wages, and future medical expenses. On September 27, 2011, the circuit court entered a default judgment in favor of Allen and against X & F Enterprise in the amount of $700,000.00 plus costs. (The September 2011 default judgment). Ten years passed and Allen did not file a motion to revive the judgment under section 516.350.

In December 2021, X & F Enterprise filed a petition for a declaratory judgment against Allen. (Declaratory judgment case). Relying on section 516.350 which creates a presumption that judgments are paid and satisfied after ten years, absent timely revival, X & F Enterprise requested a declaration that the September 2011 default judgment was deemed paid and satisfied.

---

County Circuit Court as the "tolling court," and its judgment the "October 2022 tolling judgment" for the remainder of this opinion.

[3] All statutory references are to the Revised Statutes of Missouri 2016, and all rule references are to the Missouri Supreme Court Rules 2023.

2

X & F Enterprise alleged that no payments were made on the September 2011 default judgment, Allen made no effort to revive the judgment, and pursuant to section 516.350, because ten years had passed, the judgment was presumed paid and satisfied. X & F Enterprise further alleged that Allen had recorded a notice of levy on property owned by X & F Enterprise in January 2013, but no further action to collect was taken. X & F Enterprise stated the levy was clouding the property's title and it had a buyer willing to purchase the property if the levy was released or declared invalid. X & F Enterprise contended that there was a real, substantial, and presently-existing controversy as to whether the September 2011 default judgment and levy should remain as a cloud on X & F Enterprise's property's title and whether Allen had an interest in the property. The declaratory judgment case, filed in Jackson County Circuit Court, was assigned a different division than the September 2011 default judgment case and it remained in that division.

In response to the petition for declaratory judgment, Allen filed an answer, defenses, and counterclaim. Allen argued that because of X & F Enterprise's actions and conduct, the ten-year term for the presumption of payment under section 516.350.1 should be equitably tolled. Allen alleged that X & F Enterprise's registered agent was not at the registered office, the agent's true address was not updated, and that X & F Enterprise allowed its corporate status to expire but it still continued to do business beyond winding up. Allen contended that X & F Enterprise's "defunct status" disguised the identities of the property's true owners, it obscured the identities of the judgment debtors, and prevented service of a motion to revive the default judgment.[4]

---

[4] No motion to revive had been filed when Allen alleged that service of a motion to revive was prevented by X & F Enterprise's conduct. Allen's motion to revive the September 2011 default judgment was not filed until May 27, 2023.

3

Allen contended that all of this conduct served to avoid payment of the September 2011 default judgment.

In April 2022, X & F Enterprise filed an answer to Allen's counterclaim, response to Allen's affirmative defenses, and moved to strike the affirmative defenses. In May 2022, X & F Enterprise filed a motion for summary judgment with suggestions in support and a statement of uncontroverted material facts. Among other arguments, X & F Enterprise contended that there was no dispute as to any material fact necessary to establish that the September 2011 default judgment expired and that a revival motion was not filed within ten years of the rendering of that judgment. It further contended, for various reasons, that section 516.350's ten-year limitation for revival of a judgment should not be tolled in the case and under the circumstances. Allen requested additional time to respond to X & F Enterprise's summary judgment motion because she stated that X & F Enterprise did not answer or object to Allen's interrogatories and requests for production, and it did not produce any documents. The tolling court granted Allen's request for an extension of time to respond to X & F Enterprise's summary judgment motion.

In July 2022, Allen filed a motion to enforce discovery in the declaratory judgment case. Allen stated that X & F Enterprise initially ignored her discovery requests, it then issued "boilerplate and perfunctory objections to the discovery," and then ultimately failed to supplement its responses providing answers and documents. In early August 2022, X & F Enterprise's counsel filed a motion to withdraw, on the basis that X & F Enterprise substantially failed to fulfill an obligation to counsel regarding her services. Counsel stated that X & F Enterprise was warned that counsel would seek leave to withdraw unless the obligation was fulfilled.

On August 26, 2022, after a hearing on the motion to withdraw in which X & F Enterprise did not appear, and did not file any objection with the court, the court granted X & F Enterprise's counsel leave to withdraw. In the order granting counsel's motion to withdraw, the tolling court advised X & F Enterprise that, as a corporation, it was required to obtain counsel to appear in court, and the court set a case management hearing in early September 2022. On August 26, 2022, the tolling court also issued an order granting Allen's motion to compel discovery, directing X & F Enterprise to serve complete and non-evasive answers and responses to Allen's discovery requests within fourteen days. The court stated that it would dismiss the declaratory judgment case if X & F Enterprise failed to comply with its order. At the case management conference on September 9, 2022, no attorney appeared for X & F Enterprise and it failed to appear.

Allen filed a motion for discovery sanctions on September 13, 2022. Allen alleged that X & F Enterprise failed to comply with the court's discovery order because X & F Enterprise did not provide interrogatory answers, it did not respond to requests for production, and it did not provide responsive documents. At an October 3, 2022, hearing on Allen's motion for sanctions, X & F Enterprise failed to appear. That same day the court entered a "judgment/order" granting Allen's motion for sanctions, dismissing X & F Enterprise's petition for declaratory judgment with prejudice, striking X & F Enterprise's answer and affirmative defenses to Allen's counterclaim, and denying as moot X & F Enterprise's motion to dismiss Allen's counterclaim, its motion to strike Allen's affirmative defenses, and its motion for summary judgment.

In a separate judgment entered that same day, the court entered declaratory judgment in favor of Allen on Allen's counterclaim against X & F Enterprise.[5] The October 2022 tolling

_____

[5] This judgment is the October 2022 tolling judgment which we refer to in footnote 2.

judgment stated that in the September 2011 default judgment, "the running of the time in which the judgment therein is presumed to be paid and satisfied under [section] 516.350.1 is tolled as of September 27, 2011, the date of entry of said judgment." X & F Enterprise did not appeal the court's October 2022 tolling judgment.

On May 27, 2023, in the September 2011 default judgment case, Allen filed a motion for revival of the default judgment entered against X & F Enterprise.[6] The revival court issued an order for X & F Enterprise to appear and show cause why an order and judgment reviving the default judgment should not be issued. The show-cause hearing was held on July 21, 2023, and X & F Enterprise failed to appear.[7] The revival court entered an order and judgment that day stating that the allegations in Allen's motion to revive judgment were deemed admitted, and that X & F Enterprise failed to provide a reason, justification, or excuse why the September 2011 judgment should not be revived. The revival court ordered the September 2011 default judgment "revived in full." The revival order included the following language:

> On October 3, 2022, in the case styled X & F Enterprise Corp. v. Christal Allen, filed in the Circuit Court of Jackson County, Missouri[,] under case number 2116-CV26669, the Court entered the following declaratory judgment: "In the cause of action filed in the Circuit Court of Jackson County, Missouri . . .[case] number 0916-CV38480, the running of the time in which the judgment therein is presumed to be paid and satisfied under [section] 516.350.1 is tolled as of September 27, 2011, the date of entry of said judgment."

---

[6] "Section 516.350 creates a presumption that judgments are paid and satisfied after ten years, with certain exceptions." *Alamin v. Alamin*, 658 S.W.3d 94, 98 (Mo. App. W.D. 2022). Rule 74.09 establishes the procedure for reviving a judgment and provides for revival upon a timely filed motion of the judgment creditor, unless the debtor shows good cause why the court should not revive the judgment.

[7] The service return for the show-cause order stated it was *non est* with the following information: "clerk running the register claimed that he did not know the target and that the target was never there, also indicated he did not know the company name either." A subsequent summons was sent to the Secretary of State per section 506.150.1(4).

On August 18, 2023, X & F Enterprise filed a motion for reconsideration and to set aside the revival order. The motion alleged that the revival court was "without authority or jurisdiction" to revive the judgment because Allen filed her motion to revive more than ten years after entry of the September 2011 default judgment. The revival court did not rule on X & F Enterprise's motion to reconsider.[8] In a September 7, 2023, docket entry the revival court noted that this motion was "no longer an issue."

X & F Enterprise filed its notice of appeal from the revival order on August 28, 2023.

### Motion to Dismiss Appeal

Allen filed a motion to dismiss this appeal, arguing that the revival order was granted by default when X & F Enterprise failed to appear at the July 21, 2023, show cause hearing and that the default order is not directly appealable. Allen cites the general principle that when a judgment is entered against a party by default, the defaulting party's remedy is through a motion to set aside the default judgment rather than by direct appeal. Allen points out that X & F Enterprise filed a motion to set aside, but the revival court did not rule on the motion before X & F Enterprise filed its notice of appeal. Allen maintains that X & F Enterprise was required to litigate its motion to set aside, and then, if the revival court denied the motion, it was permitted to appeal. Allen contends that, therefore, there is not an appealable order or judgment and this Court lacks jurisdiction to hear the appeal.

---

[8] We note that X & F Enterprise's motion to reconsider was, for all purposes, a motion for new trial and is considered an authorized after-trial motion. *See Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 393 (Mo. banc 1993) (concluding that a motion to reconsider the granting of summary judgment operates as a motion for new trial); *Ort v. DaimlerChrysler Corp*, 138 S.W.3d 777, 780 (Mo. App. E.D. 2004) (stating that a plaintiff's motion to reconsider an award of attorneys' fees, although not titled a motion for new trial, nevertheless operated as a motion for new trial).

X & F Enterprise opposes the motion to dismiss, contending that the revival order is not a default judgment as Allen characterizes it and the order is appealable under section 512.020 as a "special order." The motion was taken with the case.

X & F Enterprise did not appear at the show cause hearing to provide a reason, justification, or excuse for why the September 2011 default judgment should not be revived, but the revival order is not, as Allen classifies it, a default judgment. Section 512.020 allows parties aggrieved by judgments of trial courts in civil actions to appeal so long as the appeal "is not prohibited by the constitution, nor clearly limited in special statutory proceedings[.]" Such parties may appeal from various orders and judgments "or from any special order after final judgment in the cause[.]" § 512.020(5).

"A 'special order after final judgment in the cause' is an order in a special proceeding that attacks or aids the enforcement of the judgment." *White River Dev. Co. v. Meco Sys.*, 837 S.W.2d 327, 331-32 (Mo. App. S.D. 1992) (citing *Carrow v. Carrow*, 294 S.W.2d 595, 597 (Mo. App. 1956)). "A motion to revive a judgment is a special proceeding to aid in the recovery of the debt evidenced by the original judgment, which makes the circuit court's order thereon a special order after final judgment in the cause and, therefore, appealable under the provisions of [section] 512.020." *Abbott v. Abbott*, 415 S.W.3d 770, 771 n.1 (Mo. App. W.D. 2013) (internal quotation marks and citations omitted). *See also Unifund CCR Partners v. Abright*, 566 S.W.3d 594, 594 n.2 (Mo. banc 2019) (stating that an order overruling a motion to revive a judgment is appealable as a special order after final judgment in the cause for purposes of section 512.020's right to appeal).

Accordingly, the revival order was not a default judgment, but rather a special order after a final judgment, and it is appealable under section 512.020. We next consider whether the notice of appeal was timely.

Allen argues that if the revival order is considered a special order after final judgment, then the revival order became final on the day it was issued, and X & F had ten days to file its notice of appeal but did not. Allen cites *Emerald Pointe, LLC v. Taney County Planning Commission*, which stated that "if [a challenged order] qualified as a special order after final judgment, it would have become final immediately upon entry . . . ." 660 S.W.3d 482, 489 (Mo. App. S.D. 2023). This Court has previously considered *Emerald Pointe* and recognized that it "apparently holds that Rule 81.05(a) is inapplicable to delay the finality of a special order after final judgment while authorized after-trial motions are pending." *All Star Awards & AD Specialties, Inc. v. HALO Branded Sols.*, 675 S.W.3d 548, 561 (Mo. App. W.D. 2023). We chose not to follow *Emerald Pointe* on that issue, stating that *Emerald Pointe* cited no authority for its statement that a special order after final judgment becomes immediately final upon entry and *Emerald Pointe* failed to acknowledge contrary decisions in *White River Development Company v. Meco Systems, Inc.*, 837 S.W.2d 327 (Mo. App. S.D. 1992) and *Breihan v. Breihan*, 269 S.W.3d 38 (Mo. App. E.D. 2008).

We, therefore, conclude that X & F Enterprise's appeal was timely. The revival court entered the revival order (a special order after final judgment) on July 21, 2023. X & F Enterprise filed a motion to reconsider on August 18, 2023. That motion was deemed denied, and the judgment became final, ninety days later on November 16, 2023, by operation of Rules 78.06 and 81.05(a)(2)(A). X & F Enterprise filed its notice of appeal prematurely, on August 28,

9

2023, and under Rule 81.05(b), that notice of appeal was deemed filed as soon as the judgment became final.

Allen's motion to dismiss is denied.

## Standard of Review

The issue in this appeal is whether the revival court properly applied the law governing motions to revive judgments under Rule 74.09. We review this purely legal issue *de novo* as it presents a question of law. *Unifund CCR Partners*, 566 S.W.3d at 595; *Capitol Fin. Grp., LLC v. Bray*, 603 S.W.3d 700, 702 (Mo. E.D. 2020).

## Legal Analysis

## Points II and III

We begin by addressing X & F Enterprise's second and third points on appeal, both of which argue that the tolling court erred in entering its October 2022 tolling judgment. X & F Enterprise argues, in its second point, that the tolling court did not have "subject matter jurisdiction" or authority to retroactively toll section 516.350.1's ten-year limitation period for revival. It argues that the tolling court was "unauthorized" to render the October 2022 tolling judgment because the September 2011 default judgment had been extinguished as a matter of law on September 27, 2021, when Allen failed to file a motion for revival. X & F Enterprise argues that the tolling court had no "jurisdiction" to recognize or create a tolling exception that does not exist in section 516.350.

In its third point, X & F Enterprise argues that the tolling court—Jackson County Circuit Court Division Seven—was "not assigned jurisdiction" over the September 2011 default judgment case. It contends that this division "was not authorized" to create or recognize an exception to toll section 516.350.1's time limitation to revive a judgment because the September

10

2011 default judgment was rendered by a different division, Jackson County Circuit Court Division Ten.

We conclude that points two and three are an impermissible collateral attack on the tolling court's October 2022 tolling judgment, a final judgment that was not appealed, by asserting that it misapplied the law pertaining to motions to revive judgments.

"Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.'" *Reimer v. Hayes*, 365 S.W.3d 280, 283 (Mo. App. W.D. 2012) (quoting *Barry, Inc. v. Falk,* 217 S.W.3d 317, 320 (Mo. App. W.D. 2007)). A judgment generally must be challenged by direct appeal and not by a collateral attack. *Id*. "A collateral proceeding may not generally be used to contradict or impeach a final judgment." *Albu Farms, LLC v. Pride*, 685 S.W.3d 468, 491 (Mo. App. W.D. 2023) (citation omitted). This settled principle has one exception. *Id*. "[A] judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time in any proceeding in which it is sought to be enforced or in which its validity is questioned by anyone with rights or interests it conflicts." *Id.* (quoting *La Presto v. La Presto*, 285 S.W.2d 568, 570 (Mo. 1955) (emphasis in original omitted)). *See also Blanchette v. Blanchette*, 476 S.W.3d 273, 278 (Mo. banc 2015) (stating that the prohibition against collateral attacks on final judgments does not apply if the original judgment was void). The concept of a "void judgment is narrowly restricted" because courts favor finality of judgments. *Mottet v. Dir. of Revenue*, 635 S.W.3d 862, 865 (Mo. App. W.D. 2021); *Ground Freight Expeditors, LLC v. Binder*, 407 S.W.3d 138, 141 (Mo. App. W.D. 2013).

X & F Enterprise maintains that this is not an impermissible collateral attack because the tolling court's October 2022 tolling judgment was void because the September 2011 default

11

judgment was extinguished as a matter of law on September 27, 2021, when Allen failed to file a motion for revival. In so arguing, X & F Enterprise ignores that "[n]othing is better settled than the principle that an erroneous judgment has the same *res judicata* effect as a correct one." *Noakes v. Noakes*, 168 S.W.3d 589, 598 (Mo. App. W.D. 2005).

"A judgment is not void merely because it is erroneous." *Forsyth Fin. Grp., LLC v. Hayes*, 351 S.W.3d 738, 740 (Mo. App. W.D. 2011). "When a court has jurisdiction, it has jurisdiction to commit error." *McIntosh v. Wiggins*, 204 S.W.2d 770, 773 (Mo. 1947) (citation omitted). *J.C.W. ex rel. Webb v. Wyciskalla* made clear that Missouri courts recognize only two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. 275 S.W.3d 249, 252 (Mo. banc 2009). *See also Albu Farms, LLC*, 685 S.W.3d at 486 (stating that *Webb* "held that the Missouri Constitution specifies only two jurisdictional limits on a court's power to act: personal jurisdiction and subject matter jurisdiction.").

"[P]ersonal jurisdiction refers . . . to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests," whereas subject matter jurisdiction refers to "the court's authority to render a judgment in a particular category of case." *Webb*, 275 S.W.3d at 253. "Article V, section 14 [of the Missouri Constitution] sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal.'" *Id.* If a court has both subject matter jurisdiction and personal jurisdiction and it renders judgment, that judgment is not open to a collateral attack as to the judgment's validity or the conclusiveness of the matters adjudicated in it. *Reimer*, 365 S.W.3d at 283.

X & F Enterprise frames its arguments in terms of jurisdiction and authority, but its real complaint in this appeal is that the tolling court misapplied the law in its October 2022 tolling

12

judgment when it equitably tolled section 516.350's time limitation to revive a judgment. While the tolling court may have improperly tolled the ten-year time limitation for revival contained in section 516.350, that issue is beyond our authority to determine in this appeal.

Even if the tolling court made a mistake tolling section 516.350's time limitation for reviving a judgment, this was an error of law, not of jurisdiction, and "any mistake of law should have been addressed on direct appeal." *See Noakes*, 168 S.W.3d at 598. If X & F Enterprise had complaints about a mistake of law in the tolling court's October 2022 tolling judgment, its recourse was a direct appeal of *that* judgment. X & F Enterprise did not do so, and even an "erroneous judgment has the same *res judicata* effect as a correct one." *Noakes*,168 S.W.3d at 598.

Therefore, although the tolling court may have erred in equitably tolling section 516.350's ten-year limitation for revival of a judgment, it did not deprive itself of jurisdiction by making this alleged error. *See Valdez v. Thierry*, 963 S.W.2d 459, 461 (Mo. App. S.D. 1998) (stating that a court that has jurisdiction may decide the issues erroneously without losing that jurisdiction); *McIntosh*, 204 S.W.2d at 773 (acknowledging that when a court has jurisdiction, it has jurisdiction to commit error). The Supreme Court of Missouri has held that the label of "jurisdictional defect" does not apply to legal errors. *In re Marriage of Hendrix*, 183 S.W.3d 582, 590 (Mo. banc 2006); *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 75 (Mo. banc 2009).

In the initial negligence action, X & F Enterprise filed no responsive pleadings and failed to appear in court. In the declaratory judgment case, X & F Enterprise failed substantially to fulfill an obligation to its counsel regarding her services and it then did not appear at counsel's hearing on her motion to withdraw. X & F Enterprise then failed to appear at a case management hearing, failed to retain new counsel in the matter, and failed to comply with the

13

tolling court's order granting Allen's motion to compel discovery. X & F Enterprise did not provide Allen with interrogatory answers, it did not respond to requests for production, and it did not provide responsive documents. Further, X & F Enterprise did not appear at a hearing on Allen's motion for discovery sanctions.

Here, there is no question that the tolling court had subject matter jurisdiction over the action, personal jurisdiction over the parties, complied with the parties' due process rights, and the October 2022 tolling judgment is final. Therefore, the October 2022 tolling judgment is not void and consequently, is not subject to collateral attack in this appeal. X & F Enterprise did not appeal the October 2022 tolling judgment, and thus, did not present the tolling court's equitable tolling decision for appellate review. Accordingly, it is too late to do so in this appeal.

Points two and three are denied.

**Point I**

Next, we address X & F Enterprise's first point on appeal. In its first point, X & F Enterprise argues that the revival court erred in entering the revival order because it did not have "subject matter jurisdiction or authority" to revive the judgment. It argues that the September 2011 default judgment was extinguished under section 516.350 when Allen did not file a motion for revival within ten years of the entry of the September 2011 default judgment. X & F Enterprise also contends that the revival court did not have authority or "subject matter jurisdiction" to "read into or insert" an exception that altered section 516.350's unambiguous language. As in points two and three, X & F Enterprise frames its argument in terms of jurisdiction and authority, but its real complaint is that the revival court misapplied the law in its revival order.

14

We have already stated that a court that has jurisdiction may decide the issues erroneously without losing that jurisdiction, and that the label of "jurisdictional defect" does not apply to legal errors. We next consider whether collateral estoppel would apply to prevent X & F Enterprise from litigating whether section 516.350's ten-year time limitation for revival of the September 2011 tolling judgment was properly applied in the revival order.

Collateral estoppel, or issue preclusion, generally bars relitigation of issues that were necessarily and unambiguously decided in a previous case and final judgment. *Hollida v. Hollida*, 190 S.W.3d 550, 554 (Mo. App. S.D. 2006). Courts consider the following factors when determining whether collateral estoppel is appropriate in a case:

> 1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001); *Mo. Mexican Prods., Inc. v. Dunafon*, 873 S.W.2d 282, 284 (Mo. App. W.D. 1994). The doctrine of collateral estoppel will not be applied if it would be inequitable and each case must be analyzed on its own facts. *James*, 49 S.W.3d at 683.

We turn now to the four factors to determine if the doctrine of collateral estoppel should be applied in this case. We first look at whether the issue decided was identical. The issue both the tolling court and the revival court would have determined was whether the September 2011 default judgment had been extinguished pursuant to section 516.350. Therefore, there is issue identity between the two actions.

For the second element, the tolling court entered a judgment on the merits because the proceeding in the tolling court was contested, and both parties had a motive to litigate the issue

15

of whether section 516.350 could be equitably tolled because of X & F Enterprise's conduct as alleged by Allen. *See Mo. Mexican Prods., Inc.*, 873 S.W.3d at 285 ("The judgment in the dissolution action was 'on the merits' since the proceeding was contested, and each party had a motive to litigate the issue . . . ."). Third, the parties in the prior suit resulting in the October 2022 tolling judgment and the later revival order were the same. Finally, X & F Enterprise had a full and fair opportunity to litigate the tolling issue in the tolling court. X & F Enterprise initiated the action in the tolling court by filing a petition for a declaratory judgment that the September 2011 default judgment was paid and satisfied pursuant to the presumption in section 516.350. It also responded on the merits to Allen's request for the tolling court to equitably toll the ten-year time limitation in section 516.350 for revival of a judgment in its response to Allen's affirmative defenses, motion to strike Allen's affirmative defenses, and its motion for summary judgment. X & F Enterprise later failed to appear at subsequent hearings in the matter and failed to comply with the tolling court's discovery order, which resulted in the tolling court dismissing X & F Enterprise's petition with prejudice, striking its answer and affirmative defenses, and denying its motions to dismiss and for summary judgment. However, it still had the full and fair opportunity to litigate the tolling issue before the tolling court entered judgment in Allen's favor. After examining all the factors, collateral estoppel is appropriate here considering the facts and circumstances of the case and it would not be inequitable to apply.

As we have said, even if the tolling court made a mistake of law when it determined that section 516.350's ten-year limitation for revival of the September 2011 judgment should be equitably tolled because of X & F Enterprise's conduct as alleged by Allen, an erroneous order "has the same effect as to issue and claim preclusion as a correct one." *Helton Constr. Co., Inc., v. High Point Shopping Ctr., Inc.*, 838 S.W.2d 87, 93 (Mo. App. S.D. 1992) (citing *St. Bethel*

16

*Missionary Baptist Church, Inc., v. St. Louis Builders, Inc.*, 388 S.W.2d 776, 780 (Mo. 1965)).
The revival court did not err in enforcing and applying the tolling court's decision regarding tolling, and X and F Enterprise is precluded from challenging the tolling issue in this appeal.

Point one is denied.

### Conclusion

The July 7, 2023, revival order is affirmed.

Janet Sutton, Judge

Gary D. Witt, C.J., and Susan Casey, Sp. J. concur.