Rhonda Gayle GIBSON,
Petitioner-Respondent,

v.

Norman Leroy GIBSON,
Respondent-Appellant.

No. 53133.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 3, 1988.

Jonathan L. Downard, Union, for respondent-appellant.

Prudence Fink Johnson, Union, for petitioner-respondent.

KAROHL, Presiding Judge.

Husband appeals after dissolution of marriage decree granted in a default hearing. The default was granted after the court struck husband's answer solely on the ground that it was filed out of time and without leave of court.[1] The petition was filed on November 18, 1986. The answer was filed on January 21, 1987. The decree granted dissolution, custody and support for Billy Jo Gibson, born December 15, 1974, attorney's fees and court costs. The decree also awarded all real estate owned by the parties to wife which she testified was acquired by the parties during "the" marriage and consisted of three tracts of land, one for 2.80 acres, one for 7.2 acres and a third for 92.80 acres. Some marital personal property was awarded to husband: three vehicles, a wood stove and such furniture and furnishings in his possession not specifically awarded to wife. The court also awarded wife $450 for attorney's fees although there was no substantial evidence about husband's finances and no evidence of wife's finances.

■ Husband raises only one issue on appeal, that the court erred in awarding wife his non-marital separate property consisting of real estate. He contends that the court ignored the mandate of Section 452.330.1 RSMo 1986. Wife responds that "all property is presumed under law to be marital property and there is no evidence to prove otherwise." Wife's statement is incorrect. Section 452.330.3 provides "all property acquired by either spouse *subsequent to the marriage* and prior to the decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property." Husband's contention is the real estate awarded to wife was acquired by him prior to the marriage. Absent proof that the real estate was acquired "subsequent" to this marriage, no presumption exists to support a finding that the real estate is marital property.

We look first to wife's petition which alleges that "Petitioner and Respondent were married April 25, 1970 in Farmington, St. Francois County, Missouri, wherein said marriage is registered. Petition and Respondent separated July 31, 1984." During the default hearing, reported in thirteen and one-half pages of transcript, wife gave the following testimony relevant to the issues on appeal:

Q. Were you married to him on April 25, 1970?

A. Yes.

Q. And did that marriage take place in Farmington, Missouri?

A. Yes.

1. This is an unusual order. Suit was filed November 18, 1986. Husband received service on November 25, 1986. The case was assigned from Circuit Court Division I to Associate Circuit Court Division VI on January 9, 1987 for a "No–Contest" hearing, not a default. The case was passed from January 16, 1987 to January 30, 1987 for a "No–Contest" hearing. Husband's Answer was filed on January 21, 1987. On March 9, 1987 Division VI struck husband's answer on wife's motion of February 23, 1987. This was done merely because the answer was due by "December 26, 1986" but was filed without leave on January 21, 1987. We note this was done without allegations or proof of any prejudice to wife and after a "No Contest" announcement. Such announcement must have been by some agreement of the parties. We wonder how the parties can agree to a noncontested hearing and one party thereafter be heard to complain about an Answer filed before the setting date on purely technical grounds and without an allegation of prejudice. The order is all the more peculiar in light of the substantive problems which caused this appeal.

Q. And is it registered in St. Francois County, Missouri?

A. Yes.

Q. And were you separated on July 31, 1984?

A. Yes.

\* \* \* \* \* \*

Q. I'd like to show you what's been marked Petitioner's Exhibit 1; is that a legal description of three tracts that you and Norman acquired during your marriage?

A. Yes.

On the surface this evidence appears to support a finding of the court that the real estate was acquired during this marriage and was therefore marital. However, the underlying facts disclose an altogether different situation.

It is true that the parties were married on April 25, 1970. It is also true that that marriage was terminated by a decree of dissolution entered in the Circuit Court of Washington County, Missouri, on December 4, 1975. The parties remarried on October 7, 1978 in Farmington, Missouri. The original decree of dissolution awarded to husband "ninety-eight acres of land which he owned prior to the marriage and which is described as ninety-eight acres for the reason that the court has no legal description of the said land and finds that Respondent [wife] has no interest in the said ninety-eight acres." The original decree also provides in relevant part: "the house mentioned in evidence and which is to be found to be owned as tenants by the entireties and subject to a Deed of Trust in the approximate amount of $19,500 is to be listed and sold for the best price available and the Petitioner [husband] is ordered to make the payments on the said note and the First Deed of Trust securing it against the said house and land on which it is situated, and he may occupy said residence building until the said house and the land on which it is situated are sold and when the said house and land has been sold, all costs of sale; the balance remaining on the said note First Deed of Trust and all money paid by Petitioner persuant [sic] to this Decree of Court shall be taken off of the top of the sale and the remaining balance shall be divided equally between Petitioner and Respondent...." According to the decree the ninety-eight acres became husband's separate property and the house was ordered sold with an equal division of proceeds.

 All of the evidence regarding the first dissolution and remarriage and the ownership of real estate was presented to the court in support of husband's motion for rehearing and to vacate and reopen the judgment. At the hearing to set aside the default decree the court observed the 1975 decree was properly certified and it was "obliged to take judicial notice of it." Wife's "no foundation" objection was overruled. Wife did not, however, dispute any of the facts regarding the December 4, 1975 dissolution, the award of the real estate now in dispute to husband or the remarriage of the parties. The trial court was told wife was in the courthouse although not in court. We find that the court erred in failing to set aside the decree to the limited extent requested by husband. A dissolution of a marriage previously terminated by a valid dissolution was an erroneous application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The abnormality in the present case is startling. The undisputed testimony of husband at the hearing to set aside was that the April 25, 1970 marriage was terminated by a decree of dissolution on December 4, 1975. This testimony was supported by the certified copy of the dissolution decree, judicially recognized by the trial court, and is part of the appeal file. Wife did not plead and during the default hearing did not offer any proof of the 1975 dissolution and the second marriage which occurred on October 7, 1978.

Husband has appealed claiming only that the court erred in denying him his separate real property and relies on the provisions of Section 452.330 RSMo 1986. It appears

obvious that husband could have asserted error attacking the entire proceeding. He did not do so before the trial court and does not assert that claim before this court.

The brief testimony of wife when considered in light of the undisputed facts presented to the trial court by a timely motion to reopen the proceeding, indicates that her testimony that the subject real estate was acquired during the "marriage" was not probative on the issue of separate or marital property. This is true even if there was no intention by wife or her counsel to mislead or deceive the court. It is equally clear that the court was deceived by the testimony because the court found the real estate to be marital property based upon a 1970 marriage and was deprived of either pleading or proof that the subject real estate was acquired during the present marriage. It is inexplicable that wife did not plead the second marriage and inform the court of the prior dissolution and the terms of the prior dissolution decree. Because of the provisions of Section 452.330 RSMo 1986 and the mandate that the court set aside separate property, these facts were vital to a determination of ownership and division of property.

In response before this court, wife argues that husband was in default. This does not account for the assignment to the Associate Circuit Court for a noncontest or the setting for an agreed noncontest hearing. Even if true, husband was in default on a petition alleging only a marriage that had been dissolved. The only attack upon the first dissolution in wife's brief is, "[a]lthough a purported copy of the 1975 divorce decree was presented to the court in one of the hearings, it did not legally describe any real estate and could not be held as res judicata. Unless a fraud could be shown on the court, the court could not reach the issue of Norman Gibson's claim of separate property." This statement is remarkable for three reasons. First, the res judicata of the 1975 decree compelled a finding that the 1970 marriage terminated by a decree. Second, it does not dispute the existence of the dissolution of the first marriage of the parties, a certified copy of which is in the legal file. The trial court took judicial notice of a decree which contains many identities with the parties, including their son, Billy J., born December 15, 1974. Wife's counsel conceded the decree "would speak for itself." Third, the petition alleging the 1970 marriage, but not alleging the 1975 dissolution, when considered in conjunction with the evidence that the real estate was acquired "during the marriage," may be considered a fraud on the trial court. The real estate was acquired during the first marriage, not during the present marriage.

Wife also argues that the three tracts of real estate may be different than the 98 acres mentioned in the 1975 decree. This argument ignores: (1) the fact that the 1975 decree considered the 98 acres and a house, (2) a deed for 92.280 acres given to husband and wife from his father, dated June 6, 1973, which was presented to the trial court by wife's attorney in cross-examination of husband, and, (3) a deed to husband and wife from non-relatives dated November 6, 1973 which describes the 2.80 acre tract and a 7.2 acre tract. Both deeds were offered in evidence by wife's attorney and received by the court. The descriptions in these deeds, containing three tracts, match exactly the real estate testified to by wife in the present proceeding. It appears the ninety-eight acres was really 92.280 acres and the other two tracts describe the land where the house is located.

■ Wife's argument that husband contends he owns some or all of the real estate before he married wife in 1970 misstates his argument. He claims that he acquired these properties before the present marriage in 1978. If true, that evidence would require a finding that the real estate awarded to wife in the present decree was his separate property. We find the court erred in awarding three tracts of real estate to wife on testimony that it was acquired during a marriage which occurred in 1970. This evidence ignored the dissolution in 1975 and the remarriage of the parties in 1978. This evidence misled the trial court into applying an unjustified presumption of marital property based on wife's testimony

which was out of context because of the hidden, prior dissolution and remarriage. Her testimony that the real estate was acquired during "the marriage" was true regarding the first marriage, but untrue regarding the second marriage.

We reverse and remand with instructions that the trial court reconsider the issue of division of all real estate. The court may hear such evidence or additional evidence as may be necessary to comply with the requirements of Section 452.330 RSMo 1986. It may be that the "98 acres" awarded in the original 1975 dissolution, or the correct amount, are separate property. It may be that one or both of the other tracts, containing a house, is marital property under the original decree and remains so during the second marriage. It may be that one-half of the other two tracts, with the house, are separate property of each. All of the matters regarding the ownership and award or division of marital property should be reconsidered in light of the evidence available to the trial court. The explanation for nondisclosure of the 1975 dissolution and remarriage and a proper response are matters for the consideration of the trial court.

Reversed and remanded with instructions.

SMITH and KELLY, JJ., concur.