MISSOURI MEXICAN PRODUCTS, INC., Appellant,

v.

Sandy L. DUNAFON, Respondent.

No. WD 48165.

Missouri Court of Appeals, Western District.

March 29, 1994.

David J. Moen, Jefferson City, for appellant.

Denisè E. Thompson, Jefferson City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and FENNER, JJ.

PER CURIAM:

When Darrell and Sandy Dunafon were divorced, an antique Ford was awarded to Ms. Dunafon from the marital estate. Later, a corporation controlled by Mr. Dunafon sought to replevy the car from Ms. Dunafon, claiming ownership of the vehicle. The trial court in the replevin action held that the corporation's claim was precluded by the doctrine of collateral estoppel. The corporation appeals.

Judgment is affirmed.

Missouri Mexican, appellant, is a Missouri corporation solely owned and controlled by Darrell Dunafon. On April 24, 1985, Mr. Dunafon purchased a 1928 Ford automobile from William and Norma Rippee. On July 11, 1985, Missouri Mexican issued a check in the amount of $10,000 to Mr. Dunafon to pay him for the automobile. The car was stored at the Dunafons' residence. The Dunafons' marriage was dissolved on May 9, 1990, but the dissolution court did not rule on property issues until August 30, 1991. In its August 30, 1991, order, the trial court found that the 1928 car was personal property in the possession of Sandy Dunafon, and the court awarded the car to Ms. Dunafon. There is no indication in the record that Mr. Dunafon appealed that order.

On November 28, 1990, after the dissolution but before property issues had been resolved, Mr. Dunafon filed an application for Missouri Title and License for the automobile. The automobile was titled on November 28, 1990, with the record owner shown as: "Missouri Mexican Products, Inc/Dunafo." [1] The car was still titled in that fashion at the time the replevin action was instituted.

Missouri Mexican filed its petition for replevin in March, 1992, seeking return of the 1928 automobile and other property. Ms. Dunafon filed a motion for summary judgment on June 4, 1993, relying upon the adjudication in the dissolution case. The trial court granted Ms. Dunafon's motion for summary judgment, declaring that Missouri Mexican was collaterally estopped from relitigating the issue of possession of the car because the issue had been decided in the prior divorce action.

■ Missouri Mexican's sole point on appeal is that the trial court erred in granting the motion for summary judgment because collateral estoppel cannot be used against Missouri Mexican since it was not a party to the dissolution action and had no opportunity to litigate its right to possession of the automobile in the dissolution action. Upon review of a ruling for summary judgment, an appellate court views the record, and all reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

■ If collateral estoppel applies, it is unnecessary to inquire into the correctness of the judgment in the dissolution action because the applicability of the doctrine of collateral estoppel is not affected by the legal correctness or incorrectness of the prior adjudication. *Moore v. Swayne–Hunter Farms, Inc.*, 841 S.W.2d 308, 311 (Mo.App. 1992). The following four factors are considered in determining whether collateral estoppel is appropriate: 1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Missouri Ins. Guar. Ass'n v. Wal–Mart*

---

1. Apparently, the "n" on Dunafon was dropped due to lack of space on the certificate. Respondent suggests that the effect of this designation is to create a form of co-ownership between Dunafon and the corporation. We need not decide that issue in view of the result reached herein.

*Stores, Inc.,* 811 S.W.2d 28, 32 (Mo.App. 1991).

### Issue Identity

■ Missouri Mexican contends that the issue decided in the dissolution action is not the same as the issue presented in the replevin action. We disagree. In order to make an order of property distribution, the trial court necessarily determines whether the property in question is marital or separate. *See Gibson v. Gibson,* 748 S.W.2d 953, 955 (Mo.App.1988). Therefore, the right to possession is in issue. In each case there were issues of possessory rights which were necessary to resolve in connection with any proposed disposition of the property. In the dissolution action, the court found that the "1928 antique car" was property subject to division by the court, which the court awarded to Sandy Dunafon. Darrell Dunafon also asserted certain claims of Missouri Mexican to ownership of other property in the dissolution action. The court in the dissolution case found that Missouri Mexican *owned* "[a] 1991 Cadillac Convertible purchased for $65,000 and used as Respondent's personal car," "[m]etal shelving and Taco Bell records," and a "condenser unit and a safe" and held that therefore these items were not subject to disposition. After the dissolution order, Mr. Dunafon also filed a motion for return of the 1928 antique car, among other items of personal property, for the reason that "said property is the separate property of Respondent [Mr. Dunafon] or the corporate property of Respondent's employer, Missouri Mexican Products, Inc." It is not clear from our limited record what disposition was made of the motion in the dissolution proceeding, but the motion was either denied by the court or abandoned by Mr. Dunafon.

■ Missouri Mexican contends on appeal that the issue of the identity of the *titleholder* at the time of the divorce was never adjudicated below. Therefore, appellant argues, ownership could not have been adjudicated. Appellant points to the definition of "owner" in § 301.010, RSMo Supp. 1992 as "[a]ny person ... who holds the legal title to a vehicle...." Appellant fails to distinguish, however, between a statutory definition provided for purposes of a statutory scheme, and a statutory definition which is designed to effect a change in the common law. At common law, a title is prima facie evidence of ownership, but is not the *sine qua non* of ownership. *Manchester Insurance and Indemnity Co. v. State Farm Mutual Auto Ins. Co.,* 460 S.W.2d 305, 308 (Mo. App.1970). Section 301.010 does not purport to change the common law. Indeed, the introduction to the "definitions" portions of the statutory scheme in § 301.010 states as follows: "As used in this chapter and sections 304.010 to 304.040, 304.120 to 304.260, RSMo, and sections 307.010 to 307.175 RSMo, the following terms mean...." The statutory section then sets out definitions of sixty-four terms, many of which may have denotations and connotations which differ from the expressed definition in different contexts, such as insurance policies and other contracts. Consequently, we are unpersuaded by appellant's argument that the ownership was not adjudicated in the dissolution action.

■ Moreover, appellant's argument misses the mark by focusing on ownership *per se.* What is actually asserted in a replevin action is a right to *possession. MFA Coop. Ass'n of Mansfield v. Murray,* 365 S.W.2d 279, 285 (Mo.App.1963). That, of course, is an issue necessarily resolved in the dissolution action. We hold there is issue identity between the two actions.

### On the Merits

■ The second element of collateral estoppel is a prior adjudication on the merits. The judgment in the dissolution action was "on the merits" since the proceeding was contested, and each party had a motive to litigate the issue of the right to possession. Ms. Dunafon had a motive to have the car declared to be marital property, so she would have an opportunity to receive the car. Mr. Dunafon had a motive to have the car declared to be the property of Missouri Mexican rather than marital property, so that his corporation could retain the vehicle. Indeed, as already noted, the issues of possession and ownership were specifically raised in the dis-

solution court. Mr. Dunafon had an opportunity to litigate the issues.

### Privity

The third element of collateral estoppel is a relationship of privity with the party in the prior adjudication. Missouri Mexican, the party against whom collateral estoppel was asserted, was in privity with Mr. Dunafon, a party to the prior adjudication. A privy, in the context of collateral estoppel, is one so related by identity of interest with the party to the judgment that such party represented the same legal right. *Moore*, 841 S.W.2d at 315. Parties are in privity for collateral estoppel purposes if the interests of the non-party are so closely related to the interests of the party, that the non-party can be fairly considered to have had his day in court. *Wal–Mart*, 811 S.W.2d at 32. Whether parties are in privity depends mostly on their relationship to the subject matter of the litigation. *Id.* The court in *Moore*, examining the relationship between a closely held corporation and its stockholders, looks to the Restatement (Second) of Judgments, which is instructive on this point. Section 59 of the Restatement entitled, "Corporations and Its Officers, Directors, Stockholders, and Members," reads:

Except as stated in this Section, a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member of a non-stock corporation, nor does a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself.

. . . . .

(3) If the corporation is closely held, in that one or a few persons hold substantially the entire ownership in it, the judgment in an action by or against the corporation or the holder of ownership in it is conclusive upon the other of them as to issues determined therein as follows:

. . . . .

(b) The judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when relitigation of the issue is justified in order to protect the interest of another owner or a creditor of the corporation.

Comment e to § 59, Restatement (Second) of Judgments reads:

For the purpose of affording opportunity for a day in court on issues contested in litigation, however, there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct. On the contrary, it may be presumed that their interests coincide and that one opportunity to litigate issues that concern them in common should sufficiently protect both.

The court in *Moore* stated:

"[I]f estoppel is asserted against the corporation based on prior litigation by a shareholder, preclusion is only denied where the interests of third parties would be unfairly concluded by barring relitigation." *Aetna Cas. and Sur. v. Kerr–McGee Chemical Corp.*, 875 F.2d 1252, 1259 (7th Cir.1989). "[T]he public policies underlying the doctrine of collateral estoppel, 'as a bar to repetitious litigation, would support a finding of privity between a close corporation and its sole or controlling stockholder.'" *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir.1983).

841 S.W.2d at 314. Darrell Dunafon was the sole owner and operator of Missouri Mexican. The affairs of Dunafon and Missouri Mexican were so intertwined that, as far as this court can determine, the car was not titled until 1990; and when it was titled and registered, it was placed in the name "Missouri Mexican Products, Inc/Dunafo." Whatever the effect of that title designation may have been, it was in itself representative of the unity of interest between Dunafon and the corporation. The evidence establishes that Dunafon was in privity with Missouri Mexican.

### Opportunity to Litigate

For reasons already discussed, Darrell Dunafon had a fair opportunity to litigate the issue of the right to possession of the antique automobile in the dissolution proceeding.

The trial court specifically found in the replevin action that "petitioner's claim to possession of [the antique automobile] was made and rejected in the course of [the dissolution proceeding]" and held that petitioner was collaterally estopped from relitigating the issue in the context of the replevin suit. Darrell Dunafon had every opportunity to pursue the ownership issue of the automobile in the dissolution proceeding. The trial court in the replevin action did not err in granting Ms. Dunafon summary judgment based on the doctrine of collateral estoppel. Point is denied.

Judgment is affirmed.