# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 21-50821

In the Matter of BVS Construction, Incorporated

*Debtor*,

BVS Construction, Incorporated,

*Appellant*,

*versus*

Brazos County,

*Appellee*.

Appeal from the United States United States District Court
for the Western District of Texas
USDC No. 6:20-CV-0043

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

BVS Construction, Inc. appeals a bankruptcy court order allowing the claims of Brazos County against BVS for delinquent taxes. For the reasons

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50821

stated below, we AFFIRM.

BVS is a Texas company that has twice filed for Chapter 11 bankruptcy. BVS' first bankruptcy petition was in 2014. During that proceeding, Brazos County intervened as a creditor, claiming $336,271.42 in delinquent property taxes for tax years 2011–2014. BVS objected, arguing that, among other things, "the claim asserts taxes on property that was not owned by [BVS]." The County disputed the assertion of non-ownership and argued that BVS' other objections to the County's claim likewise lacked merit. The bankruptcy court overruled BVS' objection and entered a final decree with respect to BVS' bankruptcy petition in 2016. BVS did not appeal.

In 2019, BVS filed a second Chapter 11 petition. Brazos County again intervened, claiming $500,950.06 in delinquent property taxes for tax years 2012–2019. BVS conceded the correctness of the amounts claimed for tax years 2015–2019 but disputed the amounts for 2012–2014. BVS' main objection, just as in the first bankruptcy proceeding, was that the County had improperly assessed taxes on property that BVS did not own. The bankruptcy court concluded that BVS was collaterally estopped from contesting the County's claim because this same issue had been resolved in the County's favor in the 2014 bankruptcy action. The bankruptcy court entered a final decree, which the district court affirmed on appeal. BVS now appeals the district court's judgment.

The issue presented is whether the bankruptcy court correctly held that BVS was collaterally estopped from contesting the County's claim of delinquent taxes. "We review the decision of a district court, sitting as an appellate court, by applying the same standard[] of review"—de novo—"to the bankruptcy court's . . . conclusions of law as applied by the district court." *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003). "Whether collateral

estoppel applies is a question of law, which we review de novo." *Wills v. Arizon Structures Worldwide, L.L.C.*, 824 F.3d 541, 545 (5th Cir. 2016).

Collateral estoppel, or issue preclusion, "is appropriate if (1) the issue at stake is identical to the one involved in the prior action, (2) the issue was actually litigated, and (3) the issue was necessary to support judgment in the prior action." *Matter of Swate*, 99 F.3d 1282, 1289 (5th Cir. 1996). For preclusion purposes, "[a]n arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court." *Miller v. Meinhard-Com. Corp.*, 462 F.2d 358, 360 (5th Cir. 1972).

The bankruptcy court correctly held that BVS was collaterally estopped from contesting the County's claim for delinquent taxes. "BVS's central argument" in this case, according to its own briefing, "is that the county's assessments are incorrect because they include property BVS does not own." But BVS made the same argument in objecting to the County's tax claims during the 2014 proceeding, and the bankruptcy court in that litigation necessarily resolved the issue against BVS in overruling its objection. *See In re Owners of Harvey Oil Ctr.*, 788 F.2d 275, 277–78 (5th Cir. 1986). BVS did not appeal the bankruptcy court's final decree in the 2014 action. That decree constitutes a judgment, which precludes any subsequent attempts by BVS to re-litigate the same issues. *See BVS Constr., Inc. v. Prosperity Bank*, 18 F.4th 169, 173–74 (5th Cir. 2021).

BVS also argues that its objection to the County's tax claims here present a different issue from the one resolved against BVS in the 2014 bankruptcy proceeding because BVS' objection in that action was to the County's claims for tax years 2011–2014, whereas its objection here relates to tax years 2012–2019. In a hearing before the bankruptcy court, however, BVS' counsel conceded the correctness of the rendition amounts claimed by the County for tax years 2015 – 2019. This disclaimer constituted a judicial

No. 21-50821

admission and as such is binding on BVS. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 477 (5th Cir. 2001). Thus, the dispute in this proceeding concerned only the amounts claimed for tax years 2012–2014. The bankruptcy court in the 2014 action necessarily resolved this same issue against BVS in rejecting its objections to the taxes claimed for 2011–2014. *See In re Owners*, 788 F.2d at 278.

The district court's judgment is accordingly AFFIRMED.